IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-01965-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

---

## ORDER OF DISMISSAL

---

I. BACKGROUND

    Applicant Jeremy Pinson is in the custody of the United States Bureau of Prisons

(BOP) and currently is incarcerated at the United States Penitentiary in Florence,

Colorado.  The matter before me is Applicant's *pro se* Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241, Doc. No. 1, in which he asserts his due process

rights were violated in Incident Report Nos. 1826068, 1870480, and 2039286.

    Respondent was directed to show cause why relief should not be granted

regarding the disciplinary proceedings, which he did on January 18, 2012.  Applicant did

not file a Reply within the time allowed.  This matter now is ripe for decision.

II. ANALYSIS

    A.  Standard of Review

    In considering Applicant's filings, I am mindful of his *pro se* status, and

accordingly, read his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21

(1972).  However, such liberal construction is intended merely to overlook technical

formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Applicant of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, I will treat Applicant according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

B. Due Process in a Disciplinary Proceeding

As a federal prisoner, Applicant has a constitutionally protected liberty interest in his earned, good conduct time. *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). Therefore, he was entitled to due process at the disciplinary hearings in question. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

2

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *See Hill*, 472 U.S. at 455-56; *see also Mitchell*, 80 F.3d at 1445 (citing *Hill*).  The disciplinary decision will be upheld even if the evidence supporting the decision is "meager."  *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

Constitutionally adequate due process at a prison disciplinary hearing does not require that an applicant be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense.  It only requires that the applicant be informed of the charges to enable him to marshal the facts and prepare a defense.  *Wolff*, 418 U.S. at 564.

Applicant asserts that in all incident reports he was denied staff representation, witnesses, and the ability to present exculpatory evidence.  Applicant also contends that he was found guilty without some evidence and was sanctioned to the loss of good conduct time and loss of privileges.  Applicant seeks restoration of his good conduct time and privileges and expungement of the incident report.

C.  Findings and Conclusions

1.  Incident Report No. 1826068

Respondent asserts that

Pinson was issued Incident Report 1826068 on January 26, 2009, while he was incarcerated at the United States Penitentiary in Coleman, Florida (USP Coleman - 2).  Exhibit A, ¶ 4, Att. 3.  He was charged with minor assault (Code 224) on a staff member.  *Id.*  During an escort to his assigned cell in the Special Housing Unit, Pinson broke loose of the

escorting officer and then struck the officer in the chest with his shoulder. *Id.* Lieutenant Shaw provided Pinson with advance written notice of the charge on March 7,2009. *Id.* The DHO hearing was held on May 8, 2009. *Id.* Pinson was advised of his rights accorded him in the hearing. *Id.* Att. 3. He did not present any evidence, and waived his right to call witnesses or to have the assistance of a staff representative. *Id.* Discipline Hearing Officer Lane found that Pinson committed the prohibited charge based on the statement contained in the Incident Report. *Id.*

Pinson was sanctioned with a loss of 27 days Good Conduct Time, 60 days Disciplinary Segregation, and 1 year loss of commissary and telephone privileges. *Id.* The DHO also recommended a disciplinary transfer. *Id.* Pinson appealed the findings to the Bureau's Regional Office as well as its Central Office. *Id.* ¶ 4. The findings were upheld at each level. *Id.* Att. 7.

Resp., Doc. No. 15 at 2-3.

2. Incident Report No. 1870480

Respondent asserts that Pinson was issued Incident Report 187480 on May 19, 2009, also while he was incarcerated at USP Coleman. *Id.* ¶ 6. He was again charged with minor assault (Code 224) on a staff member. *Id.* This incident involved Pinson throwing an unknown liquid on a staff member through a food slot in his cell door. *Id.* ¶ 6. Lieutenant McCollough provided Pinson written notice of the charge and advance notice of the disciplinary hearing. *Id.* The disciplinary hearing was held on June 2, 2009. *Id.* Pinson did not present evidence and waived his right to call witnesses and to receive the assistance of a staff representative. *Id.*

Based on the reporting staff member's statement in the Incident Report, DHO Lane found Pinson guilty of the assault charge. *Id.* Pinson also admitted the charge to the DHO at the hearing and offered that "he has a temper problem," as related by DHO Lane in his declaration. *Id.*

The DHO sanctioned Pinson to 27 days loss of Good Conduct Time, 60 days Disciplinary Segregation, and 1 year loss of commissary and telephone privileges. *Id.* The DHO also recommended that Pinson be transferred to a different institution. *Id.*

Pinson appealed the decision to the Bureau's Regional and Central Offices, which upheld it. *Id.* ¶ 7.

Resp. at 3-4.

       3.  Incident Report No. 2039286

Respondent asserts that

      Pinson was issued Incident Report 2039286 on July 11, 2010, while
he was incarcerated at the Federal Correctional Institution in Talladega,
Alabama.  Exhibit B, Declaration of Harriet Mitchell, ¶ 3 and Att. 4.  Pinson
was charged with possession of a weapon or sharpened instrument that
was found in his cell during a search.  *Id.* On July 11, 2010, Lieutenant T.
Reynolds gave Pinson written notice of the charge.  *Id.*  A discipline
hearing was held on July 30, 2010.  *Id.*  Pinson waived his right to appear,
to have the assistance of a staff representative, and right to call witnesses.
*Id.*  He did not present evidence on his behalf.  *Id.*

      The Discipline Hearing Officer, Harriet Mitchell, found that Pinson
committed the prohibited charge.  *Id.*  Her finding was based on the
reporting staff member's written statement of the incident and
photographic evidence.  *Id.*  The staff member who conducted the cell
search found a homemade weapon fashioned from part of a toothbrush
and razor blades.  *Id.*  Pinson was the only inmate assigned to that cell.
*Id.*

      For this violation, Pinson was sanctioned to 40 days loss of Good
Conduct Time, 1 year loss of telephone privileges and impoundment of his
personal property for 60 days.  *Id.* ¶ 4.

      Pinson appealed the DHO's findings to the Bureau of Prison's
Regional Office as well as its Central Office.  *Id.* and Atts. 8 and 9.  The
appeals were denied.  *Id.*

Resp. at 4-5.

    I have reviewed each exhibit provided by Respondent.  Disciplinary Hearing

Officer (DHO) Lane has attested that he presided over the proceedings in IR Nos.

1826068 and 1870480.  Resp., Doc. No. 15-1.  DHO Mitchell has attested that she

presided over the proceedings in IR No. 2039286.  *Id.* at 15-8.  Both DHO Mitchell and

DHO Lane have provided sufficient documentation in support of their declarations for

me to determine that Applicant was not denied his due process rights in any of the

disciplinary hearing proceedings as set forth in *Wolff*.  Resp. Doc. Nos. 15-1-15-11.

Given that Applicant does not deny Respondent's assertions, I find the documentation clearly supports Respondent's conclusions.  Therefore, in each incident report challenged by Applicant I find that he was provided with the opportunity to call witnesses, request staff representation, and provided documentary evidence.  There also is sufficient evidence in each disciplinary hearing report to support a finding of guilt. I, therefore, find no violation of Applicant's due process rights in the three disciplinary proceedings.

III. CONCLUSION

FOR THE FOREGOING REASONS, the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DENIED** and the action is **DISMISSED** with prejudice.

FURTHERMORE, leave to proceed *in forma pauperis* on appeal is **DENIED**.  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated:  April 25, 2012.

BY THE COURT:

s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE