IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  11-cv-01965-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

    At issue is Applicant Jeremy Pinson's Motion to Vacate Judgment, ECF No. 20, filed on June 11, 2012.  The Court must construe the Motion liberally because Mr. Pinson is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will construe the Motion as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and deny the Motion.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  This case was dismissed on April 25, 2012, on the merits.  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Id.* (stating that a motion to reconsider

should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Mr. Pinson's Motion was filed with the Court on June 11, 2012.  Even if the Court were to find that the Certificate of Service provided by Mr. Pinson met the requirements of the mailbox rule, *see Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Houston v. Lack,* 487 U.S. 266, 276 (1988)), the earliest the Court would find the Motion to Vacate Judgment was filed is June 1, 2012, the date Mr. Pinson signed the Motion, which is over twenty-eight days after this action was dismissed.  Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Pinson fails to demonstrate some reason why the Court should reconsider and vacate the April 25, 2012 Order of Dismissal.

In the Motion to Reconsider, Mr. Pinson asserts that the action should be reopened because he had prepared and given a Reply to prison staff for mailing, but for some unknown reason the Reply was not mailed to the Court.  Mr. Pinson further contends that the Court's Order of Dismissal is based entirely on arguments and defenses he did not contest and should be given an opportunity to submit his Reply to contest Respondent's arguments.  Mr. Pinson states that the action should be stayed until he returns to ADX Florence so he can obtain the photocopy of his Reply from storage and submit it to the Court.

The Court notes that Mr. Pinson returned to ADX Florence as early as July 18, 2012. *See Pinson v. Berkabile*, No. 12-cv-02118-LTB, ECF No. 1 (D. Colo. Sept. 5, 2012) (Mr. Pinson filed a complaint in this action on August 10, 2012. The complaint was signed and dated on July 18, 2012. On Page Two of the form Mr. Pinson indicates that he was located at ADX Florence at the time of signing and dating.) Mr. Pinson has been housed at ADX Florence for almost five months but has not submitted the photocopy of the Reply he alleges he prepared and gave to prison staff. It is not reasonable that Mr. Pinson has delayed submitting the Reply to this Court for over five months. Because Mr. Pinson has failed to file a copy of the Reply, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that the Motion to Vacate Judgment, ECF No. 20, filed on June 11, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is **DENIED**.

Dated: January 9, 2013.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE